UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARWIN YARLS, JR., LEROY SHAW, JR., AND DOUGLAS BROWN ON BEHALF OF THEMSELVES AND ALL OTHERS, Plaintiffs | * * * * | CIVIL DOCKET NO. 16-31 |
| VERSUS | * * | JUDGE JAMES J. BRADY |
| DERWYN BUNTON, IN HIS OFFICIAL CAPACITY AS CHIEF DISTRICT DEFENDER FOR ORLEANS PARISH, LOUISIANA; JAMES T. DIXON, JR., IN HIS OFFICIAL CAPACITY AS LOUISIANA STATE PUBLIC DEFENDER, Defendants | * * * * * * * * * | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER OF JAMES T. DIXON, JR., IN HIS OFFICIAL CAPACITY AS LOUISIANA STATE PUBLIC DEFENDER, TO CLASS ACTION COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes James T. Dixon, Jr., in his official capacity as Louisiana State Public Defender, and respectfully submits the following Answer to Plaintiffs' Class Action Complaint.

Any allegations in the Class Action Complaint not specifically admitted herein are denied.

1.

Mr. Dixon denies the allegations of Paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

2.

Mr. Dixon denies the allegations of Paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

3.

In response to the allegations of Paragraph 3 of the Complaint, Mr. Dixon admits that the Orleans Public Defenders Office ("OPD") has entered into a Restriction of Services plan, which places certain indigent defendants on a waiting list due to budgetary shortages and excessive caseloads of OPD staff attorneys. Mr. Dixon denies the remaining allegations of Paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

4.

Mr. Dixon denies the allegations of Paragraph 4 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

5.

In response to the allegations of Paragraph 5 of the Complaint, Mr. Dixon admits that public defense in the State of Louisiana is underfunded. Mr. Dixon further admits that, historically, local public defender offices in the State of Louisiana have relied on locally generated fines and fees for the majority of their funding.

6.

In response to the allegations of Paragraph 6 of the Complaint, Mr. Dixon admits that, historically, approximately two-thirds of the revenue available to local public defender offices in the State of Louisiana has resulted from locally generated fines and fees. Mr. Dixon further admits that, historically, the majority of the locally generated funding result from the $45 fee assessed on traffic tickets. In further response to the allegations of Paragraph 6 of the complaint, Mr. Dixon further states that he is unaware of another state that funds indigent defense in the same manner as the State of Louisiana.

7.

In response to the allegations of Paragraph 7 of the Complaint, Mr. Dixon admits that the system of funding for public defense in the State of Louisiana is unreliable and uncontrollable, which has led to chronic underfunding of the system since its implementation.

8.

In response to the allegations of Paragraph 8 of the Complaint, Mr. Dixon admits that since January 1, 2015, fifteen (15) indigent defender districts have entered into restriction of services, one of which has since come out of restriction of services. Mr. Dixon further admits that some restriction of services of plans have included refusal of clients.

9.

Paragraph 9 of the Complaint does not require a response.

10.

Paragraph 10 of the Complaint does not require a response.

11.

In response to Paragraph 11 of the Complaint, Mr. Dixon does not contest this Court's jurisdiction over the Plaintiffs' claims.

12.

Paragraph 12 of the Complaint asserts a conclusion of law that does not require a response.

13.

In response to the allegations of Paragraph 13 of the Complaint, Mr. Dixon admits this Court has statutory authority to grant declaratory relief.

14.

Mr. Dixon denies the allegations of Paragraph 14 of the Complaint to the extent that it asserts he personally resides in the Middle District of Louisiana. Mr. Dixon admits that he is a resident of the State of Louisiana. Mr. Dixon further admits that the offices of the Louisiana Public Defender Board are located in Baton Rouge, Louisiana, which is located within the territorial jurisdiction of the Middle District of Louisiana.

15.

Mr. Dixon denies the allegations of Paragraph 15 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

16.

Mr. Dixon denies the allegations of Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

17.

Mr. Dixon denies the allegations of Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

18.

In response to the allegations of Paragraph 18 of the Complaint, Mr. Dixon admits that Derwyn Bunton is the Chief Public Defender for the Orleans Public Defender's Office.

19.

In response to the allegations of Paragraph 19 of the Complaint, Mr. Dixon admits that he is the State Public Defender for the Louisiana Public Defender Board. He further admits that the Louisiana Public Defender Board is the executive agency charged with overseeing the provision of indigent defense services in the State of Louisiana. Mr. Dixon further admits that the Louisiana Public Defender Board approved and supervises the implementation of the Restrict

of Services Plan entered into by OPD. Mr. Dixon denies that his personal domicile is located in the Middle District of Louisiana.

20.

Mr. Dixon denies the allegations of Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

21.

Mr. Dixon denies the allegations of Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

22.

Mr. Dixon denies the allegations of Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

23.

Mr. Dixon denies the allegations of Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

24.

Mr. Dixon denies the allegations of Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

25.

Mr. Dixon denies the allegations of Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

26.

Mr. Dixon denies the allegations of Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

27.

Mr. Dixon denies the allegations of Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

28.

Mr. Dixon denies the allegations of Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

29.

To the extent Paragraph 29 of the Complaint refers to a statute, Mr. Dixon states that the referenced statute is the best evidence of its contents. Mr. Dixon admits the remaining allegations of Paragraph 29 of the Complaint based on information and belief.

30.

Mr. Dixon admits the allegations of Paragraph 30 of the Complaint based on information and belief.

31.

Mr. Dixon admits the allegations of Paragraph 31 of the Complaint based on information and belief.

32.

Mr. Dixon admits the allegations of Paragraph 32 of the Complaint based on information and belief.

33.

Mr. Dixon admits the allegations of Paragraph 33 of the Complaint based on information and belief.

34.

Mr. Dixon admits the allegations of Paragraph 34 of the Complaint based on information and belief.

35.

Mr. Dixon admits the allegations of Paragraph 35 of the Complaint based on information and belief.

36.

Mr. Dixon admits the allegations of Paragraph 36 of the Complaint based on information and belief.

37.

Mr. Dixon admits the allegations of Paragraph 37 of the Complaint based on information and belief.

38.

Mr. Dixon admits the allegations of Paragraph 38 of the Complaint based on information and belief.

39.

Mr. Dixon admits the allegations of Paragraph 39 of the Complaint based on information and belief.

40.

Mr. Dixon admits the allegations of Paragraph 40 of the Complaint based on information and belief.

41.

Mr. Dixon admits the allegations of Paragraph 41 of the Complaint based on information and belief.

42.

Mr. Dixon denies the allegations of Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

43.

Mr. Dixon denies the allegations of Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

44.

Mr. Dixon denies the allegations of Paragraph 44 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

45.

Mr. Dixon admits the allegations of Paragraph 45 of the Complaint based on information and belief.

46.

Because the allegations of Paragraph 46 of the Complaint appear to be based on a written document, Mr. Dixon states that such document is the best evidence of its contents. Mr. Dixon admits that OPD initiated an Restriction of Services Plan on July 1, 2015.

47.

Because the allegations of Paragraph 47 of the Complaint appear to be based on a written document, Mr. Dixon states that such document is the best evidence of its contents. Mr. Dixon admits that he approved the Restriction of Services plan submitted by OPD on December 1, 2015.

48.

Because the allegations of Paragraph 48 of the Complaint appear to be based on a written document, Mr. Dixon states that such document is the best evidence of its contents.

49.

Because the allegations of Paragraph 49 of the Complaint appear to be based on a written document, Mr. Dixon states that such document is the best evidence of its contents. Mr. Dixon admits these allegations based on information and belief.

50.

Mr. Dixon admits the allegations of Paragraph 50 of the Complaint based on information and belief.

51.

Because the allegations of Paragraph 51 of the Complaint appear to be based on written documents, Mr. Dixon states that such documents are the best evidence of their contents. Mr. Dixon admits these allegations based on information and belief.

52.

Because the allegations of Paragraph 52 of the Complaint appear to be based on a written document, Mr. Dixon states that such document is the best evidence of its contents. Mr. Dixon admits these allegations based on information and belief.

53.

Because the allegations of Paragraph 53 of the Complaint appear to be based on a written document, Mr. Dixon states that such document is the best evidence of its contents.

54.

To the extent Paragraph 54 of the Complaint contains a conclusion of law, no response is required. Mr. Dixon denies the remaining allegations of Paragraph 54 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

55.

Mr. Dixon denies the allegations of Paragraph 55 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

56.

Mr. Dixon denies the allegations of Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

57.

Mr. Dixon admits the allegations of Paragraph 57 of the Complaint based on information and belief.

58.

In response to the allegations of Paragraph 58 of the Complaint, Mr. Dixon admits that the Restriction of Services Plan implemented by OPD has resulted from underfunding of public defense in the State of Louisiana and unreliable sources of revenue available to public defenders.

59.

Because Mr. Dixon admits the allegations of Paragraph 59 of the Complaint.

60.

Mr. Dixon admits the allegations of Paragraph 60 of the Complaint.

61.

Because the allegations of Paragraph 61 of the Complaint appear to be based on a written document, Mr. Dixon avers that such document is the best evidence of its contents.

62.

Mr. Dixon admits the allegations of Paragraph 62 of the Complaint.

63.

Mr. Dixon admits the allegations of Paragraph 63 of the Complaint.

64.

In response to the allegations of Paragraph 66 of the Complaint, Mr. Dixon admits that, historically, approximately two-thirds of the revenue available to local public defender offices in the State of Louisiana has resulted from locally generated fines and fees. Mr. Dixon further admits that, historically, the majority of the local funding has been generated by traffic tickets in the district. Mr. Dixon further states that approximately one-half of the funds available for all public defense in the State of Louisiana is generated from local fines and fees.

65.

Mr. Dixon admits the allegations of Paragraph 65 of the Complaint.

66.

Because the allegations of Paragraph 66 of the Complaint appear to be based on to written documents, Mr. Dixon states that such documents are the best evidence of their contents.

67.

Because the allegations of Paragraph 67 of the Complaint appear to be based on a written document, Mr. Dixon states that such document is the best evidence of its contents.

68.

In response to the allegations of Paragraph 68 of the Complaint, Mr. Dixon states that since January 1, 2015, fifteen (15) indigent defender districts have entered into restriction of services, one of which has since come out of restriction of services.

69.

Mr. Dixon denies, in part, the allegations of Paragraph 69 of the Complaint. In further response to the allegations of Paragraph 69 of the Complaint, Mr. Dixon states that nine (9) of the restriction of services plans currently in use include provisions for a wait list.

70.

Because the allegations of Paragraph 70 of the Complaint appear to be based on to a written document, Mr. Dixon states that such document is the best evidence of its contents.

71.

The allegations of Paragraph 71 of the Complaint do not require a response.

72.

The allegations of Paragraph 72 of the Complaint do not require a response.

73.

The allegations of paragraph 73 of the Complaint do not require a response.

74.

Mr. Dixon denies the allegations of Paragraph 74 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

75.

Mr. Dixon denies the allegations of Paragraph 75 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

76.

Mr. Dixon denies the allegations of Paragraph 76 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

77.

Mr. Dixon denies the allegations of Paragraph 77 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

78.

Mr. Dixon denies the allegations of Paragraph 78 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

79.

Mr. Dixon denies the allegations of Paragraph 79 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

80.

Mr. Dixon denies the allegations of Paragraph 80 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

81.

The allegations of Paragraph 81 of the Complaint do not require a response.

82.

The allegations of Paragraph 82 of the Complaint state a conclusion of law that does not require a response.

83.

The allegations of Paragraph 83 of the Complaint state a conclusion of law that does not require a response.

84.

Mr. Dixon denies the allegations of Paragraph 84 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

85.

The allegations of Paragraph 85 of the Complaint state a conclusion of law that does not require a response.

86.

The allegations of Paragraph 86 of the Complaint state a conclusion of law that does not require a response.

87.

Mr. Dixon denies the allegations of Paragraph 87 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

88.

Mr. Dixon denies the allegations of Paragraph 88 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

89.

The allegations of Paragraph 89 of the Complaint state a conclusion of law that does not require a response.

90.

The Prayer for Relief contained in the Complaint does not require a response.

Respectfully submitted,

*/s/ John M. Landis*

John M. Landis, La. Bar No. 7958
jlandis@stonepigman.com
Maggie A. Broussard, La. Bar No. 33033
mbroussard@stonepigman.com
of
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

*Attorneys for James T. Dixon, Jr., in his official capacity as Louisiana State Public Defender*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Answer of James T. Dixon, Jr., in his Official Capacity as Louisiana State Public Defender, to Class Action Complaint has been served upon all counsel of record by the Court's CM/ECF system this 1st day of March, 2016.

*/s/ John M. Landis*