UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DARWIN YARLS, JR. ET AL

VERSUS

DERWYN BUNTON ET AL

CIVIL ACTION

16-31-JJB-RLB

## NOTICE AND ORDER

The Court *sua sponte* raises the issue of whether it has subject matter jurisdiction under Article III of the United States Constitution.[1] To establish standing under Article III of the United States Constitution, the plaintiff must show that the injury in question is likely to be redressed by the requested judicial relief. Additionally, there is no justiciable Article III case where there is no real and substantial controversy between those who appear as adverse parties to the suit.

The Court has reviewed the Second Amended Class Action Complaint (Doc. 43). The Complaint appears to admit that the Plaintiffs' injuries are not the result of the actions of Defendants Bunton and Dixon, but rather, that they are being caused by the actions of the Louisiana Legislature.[2] If this is the case, the Court finds it unlikely that the requested relief will redress the alleged injuries. However, if the Defendants are not properly allocating the funds they are currently being provided, there may be a proper Article III case before the Court. At this stage, it is unclear to the Court if Plaintiffs truly take issue with Defendants' contention that they are doing the best they can with the resources available.

---

[1] A federal court must consider subject matter jurisdiction *sua sponte*, as "subject matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

[2] Second Amended Complaint ¶ 5 ("The public defender's budgetary crisis and its denial of counsel to Plaintiffs both result from the State of Louisiana's chronic underfunding of its public defender system."); ¶ 54 ("Plaintiffs' placement on a waiting list for appointed counsel results from the State of Louisiana's chronic underfunding of its public defender system."); ¶ 66 ("Each of the districts relying on waiting lists suffers from the same fundamental defect: an insufficient amount of resources from the state to provide constitutionally-compliant defense counsel for those who cannot afford it.").

Considering the foregoing, the Court is cancelling the status conference and orders briefing from the parties on the following two issues:

First, given that both parties appear to affirmatively desire the same result in this case, how is this a proper Article III case or controversy?[3]

Second, the Court is concerned with the redressability prong of the standing inquiry in this matter.[4] Given that both parties appear to admit that the problems with the public defender system are a result of inadequate funding, how will the requested declaratory or injunctive relief redress the injuries to the Plaintiffs or the proposed class?

Accordingly, **IT IS HEREBY ORDERED** that the Plaintiffs submit a brief not to exceed 20 pages addressing the above issues by November 9, 2016. The Defendants must submit a response not to exceed 20 pages by November 23, 2016.

If, after reviewing the briefs, the Court is not convinced that it has jurisdiction, this case will be dismissed.[5]

Signed in Baton Rouge, Louisiana, on October 27, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] The Court notes that a typical Article III case contains adverse parties who have a conflict of interest. The Court generally relies on the conflicting interests of the parties to stimulate them to prepare a vigorous presentation of the facts and arguments. Where the parties' interests appear to be aligned, the Court is not inclined to exercise its judicial power. Here, the Court notes that the Defendants do not appear to be adverse to Plaintiffs. In fact, although they have filed an Answer, they have yet to file any opposing documents despite the Court inviting the Defendants' input on various occasions.

[4] It is "not enough to satisfy Article III standing requirements that the plaintiff have suffered an injury in fact, caused by the challenged actions of the defendant. In addition, the plaintiff must show that some personal benefit will result from a remedy that the court is prepared to give." 13A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3531.6 (3d ed.).

[5] The Court notes again, as it did in its previous Order (Doc. 34), that due to its concerns over federalism, the parties are urged to continue to seek whatever relief they can in the state courts handling the criminal cases involved or pursue other avenues of relief they may have.